875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry BROOKS, Defendant-Appellant.
 No. 88-1488.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1989.
 
 Before RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges, and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Larry Brooks, appeals from his conviction after a jury trial for the unlawful distribution of a controlled substance.
 
 
 2
 Having had the benefit of oral argument and having carefully considered the record on appeal and the briefs of the parties, this Court is unable to hold that the trial court abused its discretion in refusing to continue or adjourn the trial, or that the refusal violated either the Speedy Trial Act or the defendant-appellant's constitutional rights to counsel and due process.
 
 
 3
 However, this Court finds that the trial court's refusal to grant a trial continuance presents an issue of substance and merits additional comment. A trial court's decision to grant or deny a trial continuance is reversible only upon a showing of a clear abuse of discretion by the district judge. United States v. Martin, 740 F.2d 1352, 1360 (6th Cir.1984). Where a continuance is denied, a defendant must demonstrate actual prejudice resulting from the denial. Here the claim of prejudice is two-fold. The defendant argues that he had insufficient time to prepare a motion to suppress his statement to the FBI for its failure to give Miranda warnings. He also asserts he was unable, in the time provided, to find two witnesses whom he wanted to testify in his behalf.
 
 
 4
 As to the Miranda issue, defendant raised it during trial as an evidentiary issue and again at the close of the government's case-in-chief as part of a motion for judgment of acquittal. Both the agent who took the statement and the defendant testified at trial. The agent clearly indicated that the defendant was not in custody at the time his statement was taken. The defendant testified that he made no incriminating statements to the FBI. Thus, there was a full opportunity to present the "custody" issue to the court. This Court finds no prejudice resulting from the fact that an earlier suppression motion was not made.
 
 
 5
 As to the witness issue, no good reason exists why defendant and his counsel did not meet earlier and attempt to locate the desired witnesses. Further, this Court notes that the defendant makes no claim of ineffective assistance of counsel. But even if such a claim were made, this Court would find no prejudice sufficient to require reversal on the witness issue for several reasons. First, the desired witnesses were acquaintances of the defendant. It was not as if he were searching for unknown persons. Second, defendant made no offer of proof as to what the witnesses would testify. Third, the defendant testified and also called a witness who corroborated his story. The jury weighed this evidence against the highly incriminating physical evidence and the defendant's own admissions. The trial was largely a matter of credibility and the jury obviously believed the government's version. This Court fails to see how two additional cumulative witnesses would have changed this result.
 
 
 6
 Accordingly, defendant-appellant's conviction is AFFIRMED.
 
 
 
 *
 Robert H. Bell, Western District of Michigan, sitting by designation